**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Iris Corley, trustee of the Arvis C. and Anna L. Forrest Trust and Personal Representative of the Arvis C. Forrest Estate,<br><br>        Plaintiff,<br><br>vs.<br><br>William J. Brouws, Jr., et al.,<br><br>        Defendants.<br>_____<br><br>and related counterclaim<br>_____ | No. CIV 04 0891-PCT-MHM<br><br>**ORDER** |

      Defendant Gregory S. Szymanski has filed a motion for award of attorneys' fees and related non-taxable expenses (Doc. 20) and a motion for summary disposition of his motion for award of attorneys' fees, etc. (Doc. 24). Defendant points out in his motion for summary disposition that the time has expired for Plaintiff to respond to his motion for attorneys' fees and Plaintiff has not filed a response in opposition to the motion for fees and expenses. Defendant Szymanski has filed an amended bill of costs. (Doc. 22).

      On December 1, 2004, the Court entered an Order granting Defendant Szymanski's motion to dismiss the complaint for failure to state a claim for relief under Fed.R.Civ.P. 12(b)(6). (Doc. 15). The Court dismissed with prejudice Plaintiff's claims based on

1 anticipatory repudiation of contract, termination of possession, quiet title and breach of
2 contract.  Plaintiff's claims based on unjust enrichment and fraud were dismissed without
3 prejudice with leave to file an amended complaint.  When Plaintiff failed to file an amended
4 complaint within the time allowed, the Court extended the time in which to file an amended
5 complaint and warned Plaintiff that failure to file an amended complaint by the designated
6 due date would result in dismissal of the case against Defendant Szymanski for failure to
7 prosecute under Fed.R.Civ.P. 41(b). (Doc. 17). Plaintiff failed to file an amended complaint
8 by the designated date.  On April 19, 2005, the Court issued an Order dismissing this action
9 without prejudice as to Defendant Szymanski for failure of Plaintiff to prosecute.  (Doc. 21).

10       During the course of these proceedings, on March 22, 2005, Defendant Szymanski
11 filed a motion for award of attorneys' fees and related non-taxable expenses (Doc. 20).  On
12 April 27, 2005, Defendant filed an amended bill of costs.  (Doc. 22).  Defendant contends
13 that Plaintiff's claims arising from contract have been dismissed pursuant to the Court's
14 December 1, 2004 Order and that under A.R.S. § 12-341.01A, Defendant as the successful
15 party may be awarded reasonable attorneys' fees.  Section 12-341.01A provides in relevant
16 part as follows:   "In any contested action arising out of a contract, express or implied, the
17 court may award the successful party reasonable attorney fees."  Subsection B of § 12-341.01
18 provides that "[t]he award of reasonable attorney fees pursuant to subsection A should be
19 made to mitigate the burden of the expense of litigation to establish a just claim or a just
20 defense."  Subsection B further provides that "the award may not exceed the amount paid or
21 agreed to be paid."  Attorneys' fees may be awarded to a successful party under § 12-341.01
22 when sued on a contract even if it is determined that no contract existed between the parties.
23 See Rogus v. Lords, 804 P.2d 133, 136-37 (Ariz. App. 1991).  A party need not have won
24 a money judgment to be a "successful party" under § 12-341.01A.  See Altfillisch Const. Co.
25 v. Torgerson Const. Co., 586 P.2d 999, 1001 (Ariz.App. 1978); Columbia Parcar Corp. v.
26 Arizona Department of Transportation, 971 P.2d 1042, 1045 (Ariz.App. 1999)(noting that
27 A.R.S. § 12-341.01 makes no reference to "adjudication on the merits as a prerequisite to
28 recovering attorney's fees as a successful party")(citing Wagenseller v. Scottsdale Memorial

1 Hospital, 710 P.2d 1025, 1047 (Ariz. 1985)).  Defendants in a civil action where plaintiff's
2 suit was dismissed without prejudice for lack of prosecution may be considered "successful"
3 parties for purposes of statutory recovery of costs and attorneys' fees under § 12-341.01 even
4 though the terminating decision was not on the merits and underlying claims may still be
5 viable.  Mark Lighting Fixture Company v. General Electric Supply Company, 745 P.2d
6 123, 128-130 (Ariz. App. 1986), *vacated on other grounds*, 745 P.2d 85 (Ariz. 1987).

7 Defendant Szymanski seeks a total award of attorneys' fees in the amount of $8,641.32
8 between the retention of attorney Steven C. Moss and the firm of Kelly, Moss & Williams,
9 and attorney Ryan J. Lorenz.  Defendant seeks taxable costs in the amount of $555.57.  (see
10 Doc. 20, 22 & 24, p. 3).

11 Defendant has supported his motion with a memorandum of points and authorities.
12 Defendant's counsel Messrs. Moss and Lorenz have filed affidavits attesting to their
13 backgrounds, experience and contributions to this case as well as to the reasonableness of the
14 amounts requested.  Mr. Lorenz has billed at $150.00 to $165.00 per hour for approximately
15 55 hours of work.  Mr. Moss has billed at $175.00 per hour for approximately 27 hours of
16 work.  Mr. Moss states in his affidavit that the customary rate charged by attorneys within
17 Mohave County, Arizona is $175.00 to $205.00. Defense counsel have attached itemized
18 statements to the fee application and notice that they attempted to confer with Plaintiff's
19 counsel and resolve the fees issue. Defendant's application and supporting documents comply
20 in substantial part with LRCiv. 54.2.

21 The Court has reviewed the information submitted in support of Defendant's motion
22 for attorneys' fees and expenses.  A reasonable attorney fee is the number of hours and the
23 hourly rate that would be billed by "reasonably competent counsel."  See Yahoo!, Inc. v. Net
24 Games, Inc., 329 F. Supp. 2d 1179, 1182 (N.D.Cal. 2004).  The Court finds that the amounts
25 requested appear reasonable.

26 The Court also has considered whether Defendant's efforts were superfluous in
27 achieving the result, the novelty of the legal issues, and whether an award to the Defendant
28 would discourage other parties with tenable claims from litigating legitimate contract issues

for fear of incurring liability for substantial amounts of attorneys' fees. See Uyleman v. D.S. Rentco, 981 P.2d 1081, 1086-87 (Ariz. App. 1999). These factors do not weigh against an award of fees in this case. Defendant Szymanski filed a motion to dismiss Plaintiff's complaint which resulted in the dismissal of all but two of Plaintiff's claims with prejudice. The dismissed claims included claims arising from contract. Defense counsel appeared and presented argument in support of the motion to dismiss at the hearing held on November 3, 2004. (Doc. 14). Mr. Lorenz states in his affidavit that some discovery was conducted, including the deposition of Mr. Szymanski and the service of written discovery requests. This case did not proceed to trial. This case ultimately was dismissed for failure of the Plaintiff to prosecute. Defense counsel were successful in their representation of Mr. Szymanski and an award of attorneys' fees is appropriate.

Moreover, Plaintiff has not filed a response to Defendant's motion for attorneys' fees and expenses or to his motion for summary disposition. See LRCiv. 54.2(f) which provides for filing of responsive memorandum in opposition to a motion for award of attorneys' fees and related non-taxable expenses. Under LRCiv. 7.2(i), the lack of opposition to a pending motion may be treated as consent to the motion being granted. See also, Gates v. Rowland, 39 F.3d 1439, 1449 (9th Cir. 1994)(noting need for specific objections to attorneys' fees request).

The Order entered on April 19, 2005 which dismissed this cause and action without prejudice as to Defendant Szymanski for failure of Plaintiff to prosecute was not a final order because this action has been stayed as to the Brouws Defendants. Corsello v. Lincare, Inc., 276 F.3d 1229 (11th Cir. 2001). Defendant Szymanski has filed a notice of lodging a form of judgment under Fed.R.Civ.P. 54(b). (Doc. 23). Rule 54(b) provides in relevant part that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." The Court's April 19, 2005 Order dismissed

this cause and action as to Defendant Szymanski while the case remains stayed as to the Brouws Defendants. The Court concludes there is no just reason for delay and that judgment should be entered as to Defendant Szymanski.

**Accordingly**,

**IT IS ORDERED** that Defendant Gregory S. Szymanski's motion for award of attorneys' fees and related non-taxable expenses (Doc. 20) and Defendant's motion for summary disposition of his motion for award of attorneys' fees, etc. (Doc. 24) are granted.

**IT IS FURTHER ORDERED** that Defendant Szymanski is entitled to an award of attorneys' fees plus non-taxable expenses in the total amount of $8,641.32, plus interest as appropriate.

**IT IS FURTHER ORDERED** that, pursuant to Fed.R.Civ.P. 54(b), Judgment shall be entered as to Defendant Gregory S. Szymanski as to all of Plaintiff's claims asserted against him, that is, Counts I through III and V shall be dismissed with prejudice and Counts IV and VI shall be dismissed without prejudice, and Defendant Szymanski shall be entitled to an award of attorneys' fees and related non-taxable expenses as set forth in this Order.

**IT IS FURTHER ORDERED** that Defendant Szymanski's amended bill of costs (Doc. 22) shall be reviewed and considered by the Clerk of Court pursuant to LRCiv. 54.1.

DATED this 1st day of December, 2005.

_____
Mary H. Murguia
United States District Judge